IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN W. COFFMAN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-04208-CV-RK |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*,

349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found Plaintiff to have the following severe impairments: degenerative disc disease (DDD) of the lumbar spine with disc bulges and stenosis; bilateral sciatic peripheral neuropathy; and obesity. The ALJ also determined that Plaintiff has the following non-severe impairments: idiopathic resting tremors of the bilateral hand; history of kidney stones; anxiety disorder; and depressive disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except for the following non-exertional limitations that reduce the Plaintiff's capacity for sedentary work: can never climb ladders, ropes, or scaffolds; can no more than occasionally climb ramps or stairs; can no more than occasionally balance, stoop, kneel, crouch, or crawl; can no more than frequently reach; and must avoid concentrated exposure to workplace hazards, such as dangerous moving factory-type machinery and unprotected heights. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

To begin, Plaintiff filed for disability insurance benefits on May 4, 2017. However, new medical evidence regulations became effective for claims filed after March 27, 2017. Such regulations did away with the treating physician rule, on which Plaintiff heavily relies. *See* 20 C.F.R. §§ 404.1520c. and 416.920c. On appeal Plaintiff argues the ALJ erred by failing to properly rely on the opinion of the treating physician and the Social Security consultative examiner. The arguments are without merit.

## I. The ALJ Did Not Err in Considering the Opinions of Dr. Schafermeyer

Plaintiff argues the ALJ should have accorded more weight to the opinions of the consultative examiner, Dr. Schafermeyer, or at a minimum requested additional information from Dr. Schafermeyer. On July 25, 2017, Dr. Schafermeyer performed a consultative examination of Plaintiff. (Tr. 380-87.) Dr. Schafermeyer opined that Plaintiff had normal upper extremity range of

2

motion, grip strength, and extremity strength. (Tr. 380.) Plaintiff had some reduced range of motion in his hips, cervical spine, and lumbar spine. (Tr. 381.) Straight leg raising was positive, and Plaintiff had some weakness in his lower extremity muscles. (*Id.*) Dr. Schafermeyer also observed Plaintiff had an asymmetric, unsteady, antalgic, limping gait and used a cane throughout the examination, Plaintiff had resting tremors of his lower extremities, and Plaintiff had trouble rising from a seated position and getting on and off the examination table. (Tr. 385-86.) Dr. Schafermeyer diagnosed Plaintiff with morbid obesity, lumbar spine pain with degenerative joint disease, bilateral sciatic peripheral neuropathy sensory component, idiopathic resting tremors of the bilateral lower extremities, history of major depressive disorder and anxiety, history of kidney stones, and history of spinal stenosis and bulging discs. (Tr. 386-87.)

In evaluating the evidence from Dr. Schafermeyer, the ALJ correctly noted that Dr. Schafermeyer did not provide specific opinions regarding Plaintiff's degree of limitation in relevant functioning areas or provide statements about what Plaintiff could do despite his impairments. (Tr. 21.) The new regulations revise the definition of "medical opinion" considerably. Statements by a medical source reflecting judgments about a claimant's diagnosis and prognosis are not considered medical opinions because they do not necessarily provide perspectives about the claimant's functional abilities and limitations. 20 C.F.R. §§ 404.1513(a)(2), (3) and 416.913(a)(2), (3) (2019). Thus, the ALJ properly determined that, under the new regulations, the consultative examination was not a medical opinion under the regulations. (Tr. 21.) Moreover, the ALJ noted that "Dr. Schafermeyer's examination [was] considered together with the rest of the relevant evidence." (*Id.*) Therefore, the ALJ properly considered Dr. Schafermeyer's examination along with the rest of the relevant evidence in determining that Plaintiff retained the RFC to perform a range of sedentary work and nothing further was required.

**II.     The ALJ Did Not Err in Considering the Opinions of Plaintiff's Treating Physician, Dr. Livek**

Plaintiff also argues that the ALJ should have given more weight to the opinions of Dr. Livek. The ALJ found Dr. Livek's opinions "largely unpersuasive." (Tr. 21.) In making this determination, the ALJ noted that Dr. Livek's opinions "are not fully supported by or consistent with their own treatment notes." (*Id.*) Plaintiff largely argues that the ALJ erred by not affording substantial weight to this opinion because Dr. Livek was a treating physician. However, this argument fails because the new regulations, which apply to Plaintiff, do not require an ALJ to give substantial weight to a treating physician's opinion or give good reasons for the weight given.

3

*Feldhaus v. Saul*, No. 4:19-CV-2249-SPM, 2020 WL 5594062, at *5 n.1 (E.D. Mo. Sept. 18, 2020) ("For claims filed after March 27, 2017, the rule that a treating source opinion is entitled to controlling weight has been eliminated.") (citing 20 C.F.R. §§ 404.1520c(a), 416.920c(a)).

Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using the following five factors:

(1) Supportability
(2) Consistency
(3) Relationship with the claimant (which includes)
    (i) Length of the treatment relationship
    (ii) Frequency of examinations
    (iii) Purpose of the treatment relationship
    (iv) Extent of the treatment relationship
    (v) Examining relationship
(4) Specialization
(5) Other factors

20 C.F.R. §§ 404.1520c(c) and 416.920c(c) (2019). Supportability and Consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2) (2019). The ALJ must explain in his or her decision how persuasive she finds a medical opinion based on these two factors. *Id.* The ALJ may, but is not required to, explain how she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3) and 416.920c(b)(3) (2019).

Here, the ALJ's determination is supported by substantial evidence. The ALJ acknowledged that, in her August 2017 and September 2018 opinions, Dr. Livek answered questions and provided some explanations with some references to supportive clinical signs, which enhanced their supportability. (Tr. 21.) However, the ALJ concluded that Dr. Livek's opinions were not fully supported by or consistent with her own treatment notes. (Tr. 21.) While Dr. Livek noted some positive clinical signs, the ALJ noted they were generally stable and did not reflect deficits that would fully support Dr. Livek's opined limitations. (Tr. 21.) For example, on February 1, 2018, Plaintiff reported he was doing well with his medications. (Tr. 436.) Additionally, the ALJ found that Dr. Livek's conservative pattern of treatment of Plaintiff was

inconsistent with her opined limitations. (Tr. 21.) Plaintiff's back treatment consisted of medications.[1] (Tr. 404, 429, 471.)

Moreover, the ALJ found Dr. Livek's opinions were not fully consistent with the other medical records, particularly Plaintiff's only mild to moderate diagnostic imaging, his limited treatment, and his lack of emergency room treatment. (Tr. 21-22.) A neurologist who examined Plaintiff on March 20, 2018, observed normal muscle bulk and tone throughout with full strength in all muscle groups of the four extremities. (Tr. 450.) Despite Plaintiff's subjective reports of leg weakness, the neurologist did not detect it on examination. (Tr. 450.) Magnetic resonance imaging ("MRI") performed on March 6, 2017, showed only slight and mild foraminal stenosis at L4-L5 and no significant foraminal stenosis at L5-S1. (Tr. 338.) On February 13, 2018, an MRI showed mild foraminal stenosis at C4-C5, no evidence of disk herniation or spinal stenosis, and no abnormal enhancement. (Tr. 399.) X-rays performed on July 19, 2018, showed mild degenerative changes of the lumbar spine with fairly well-maintained disk spaces with the exception of mild disk space narrowing at L5-S1. (Tr. 464.) An MRI performed on July 31, 2018, was similar to the one performed in February with only slight to mild foraminal stenosis. (Tr. 465.) Substantial evidence supports the ALJ's conclusion that Dr. Livek's opinions were less persuasive because they were not consistent with or supported by the record. (Tr. 22.)

Finally, Plaintiff argues that the ALJ formed her own opinion of the evidence instead of relying on a medical opinion. Contrary to Plaintiff's argument, the ALJ fulfilled her duty, which was to consider the record as a whole and determine Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1545(a) and 416.945(a). The regulations allow an ALJ to consider five different types of evidence, provide that the ALJ will hold an administrative hearing to obtain testimony from the claimant regarding his alleged impairments and corresponding limitations, and require the ALJ to weigh Plaintiff's subjective complaints as part of the RFC analysis. *See* 20 C.F.R. §§ 404.1513, 404.1529, 404.1545, 416.915, 416.929, and 416.945. Additionally, the Eighth Circuit has stated, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). The ALJ's RFC finding was appropriately based on the entire record and supported by substantial evidence.

---

[1] Plaintiff argues Dr. Livek pursued this conservative treatment only because Plaintiff could not afford more substantial treatment. However, the Court does not reweigh the evidence and the ALJ's decision will be upheld if supported by substantial evidence, even if substantial evidence could support an opposite outcome

5

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record, as a whole, supports the ALJ's decision for the reasons above and set forth in the Commissioner's brief.

IT IS THEREFORE ORDERED that the decision of the ALJ is **AFFIRMED**.

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: November 30, 2020